## Case No. 5,709.

### In re GRAVES.

[2 Ben. 100;[1] 1 N. B. R. 237 (Quarto, 19).]

District Court, S. D. New York. Jan., 1868.

ASSIGNEE—SALE OF PROPERTY — POWER OF REGISTER.

Applications by assignees in bankruptcy to settle controversies under the seventeenth section of the bankruptcy act [of 1867 (14 Stat. 524)], or to sell property under the twenty-fifth section, must be made to the court, and not to a register.

[In the matter of John Graves, a bankrupt.]

In this case, the register certified to the court the question whether assignees must apply to the court for authority, if they wished to take action under the seventeenth and twenty-fifth sections of the bankruptcy act.

[2] [I, Isaiah T. Williams, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit: Messrs. Sanford, La Baron & Porter, who appeared for the bankrupt, and Mr. Albert Smith the assignee of the said bankrupt. The bankrupt had, shortly before the filing of his petition, purchased a quantity of carpets. The vendor conceiving that they had been bought with the fraudulent intent not to pay for them, brought replevin for them, and the sheriff took possession of the goods. The bankrupt immediately bonded them back under the provisions of the Code, and they thereupon came into the hands of the assignee. The suit is now pending, the assignee claiming now, as the bankrupt before claimed, the goods. Of course the event of the suit is uncertain, and the sureties in the bond so given by the bankrupt to procure the return of the goods, now claim that they should be protected, so far as protection is possible against loss in case of an adverse termination of the case. The parties appear before me and ask that the goods be held by the assignee to abide the result of the action, or that they be delivered over to the plaintiff in the action, and the bond of the sureties to be cancelled, or for such other relief in the premises as to the court may seem fit. I am arrested in limine by a question of jurisdiction, whether the party should not apply to the court, and not to a register. The concluding paragraph of section 17 of the act gives the assignee full power to deal with a matter of this kind, "under the direction of the court." Does the word court here mean "register," as in many other cases? I am not willing without first referring the matter to the court, to assume that it does. If your honor is of opinion that it does, I shall have no difficulty in properly disposing of the case. If not, the parties must make their application directly to the court. I think section 25 should also be construed in the same connection, and if your honor will consider both these sections, and determine what, if any of the duties in these two sections referred to devolve upon the register, it will be of much aid to us in the discharge of our duties. I think I may safely say that scarcely an hour of the day passes, in which at least one assignee does not apply to me to know what in a given case he ought to do. Doubting my jurisdiction touching such matters, I have the honor to apply to the court for instructions in the premises, as I may do under the 25th rule of this honorable court.] [2]

BLATCHFORD, District Judge. If an assignee desires to settle a controversy under section 17, or to have property sold as perishable, or because the title to it is in dispute, under section 25, he must apply to the court by petition, and not to a register. If, on the presentation of the petition on notice to any party interested, it shall appear that the matter is uncontested, the court can, under section 4, refer it to the register, with power to dispose of it.